UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN M. WADE,

                              **Plaintiff,**

                  **-against-**

NORTH AMERICAN ASSET
SERVICES, LLC, et al.,

                         **Defendants.**
-------------------------------------------------------------x

                **MEMORANDUM
AND ORDER**

                **12-CV-1111 (ARR)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is defendants' request to reopen discovery in order

to serve a subpoena on nonparty Bank of America.  See Letter Motion (Jan. 23, 2013) ("Def.

Motion") at 2-3, Electronic Case Filing ("ECF") Docket Entry ("DE") #62.  According to

defendants, the subject discovery is being sought in response to plaintiff's recent opposition to

defendants' motion to compel arbitration, wherein plaintiff asserts that he believes he was the

victim of identity theft with respect to the loan at issue in this action.  See id.  Plaintiff objects

to reopening discovery on the basis that defendants lack "good cause" for modifying the

discovery schedule, see Reply in Opposition (Jan. 25, 2013) ("Pl. Opp."), DE #63, and, in the

alternative, moves to strike any references to identity theft in plaintiff's opposition papers

"without prejudice to his use of this information in a later proceeding."  See Letter Motion to

Strike & Sur-Reply to Defendants' Motion (Jan. 29, 2013) at 3, DE #65.  For the reasons that

follow, defendants' motion to serve the subpoena is granted, and plaintiff's motion to strike is

denied.[1]

---

[1]  In response to defendants' request to extend their time to file reply briefs on their pending

                                            (continued…)

## FACTUAL BACKGROUND

On March 6, 2012, plaintiff John M. Wade ("plaintiff") filed a class action complaint against defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  See Complaint (Mar. 6, 2012), DE # 1.  After defendants answered the Complaint, and with the permission of Judge Ross, see Order (May 30, 2012), DE #25, defendants moved to stay this action and compel arbitration on an individual (i.e., not class) basis; specifically, defendants argued that in his written loan agreement with Kenwood Services ("Kenwood"), the original creditor on the debt giving rise to the collection efforts at issue in this case, plaintiff agreed to individually arbitrate any disputes arising out of the loan and not to participate in any class action.  See, e.g., Memorandum in Support of Motion to Stay and Compel Arbitration, DE #36.  In opposition to the motion, plaintiff argued that he "never had a creditor-borrow relationship with Kenwood Services," and at no time "sign[ed] or acknowledge[d] the documents" containing the arbitration clause.  Response in Opposition at 4 (July 6, 2012), DE #40; see also Wade Declaration (July 6, 2012), DE #40-1.  Plaintiff did not, however, allege that he believed himself to be the victim of identity theft.

At an initial conference on July 17, 2012, this Court stayed merits discovery and set a deadline of October 5, 2012, for the completion of "Phase I discovery" on the issue of arbitrability.  See Minute Entry (July 17, 2012), DE #41.  Judge Ross thereupon denied without prejudice the defense motion to stay the action and compel arbitration, with leave to

---

[1](...continued)
motion to compel arbitration until after they obtain the documents responsive to that subpoena, the Honorable Allyne R. Ross adjourned that deadline *sine die*, pending resolution of the instant discovery dispute.  See Order (Jan. 25, 2013).

renew the motion following completion of discovery on arbitrability.  See Order (docketed July 27, 2012), DE #42.

On October 3, 2012, towards the end of Phase I discovery, plaintiff appeared for a deposition, during which plaintiff testified that, to his knowledge, he had never been the victim of identity theft.  See Def. Motion at 2; Wade Deposition Excerpt, DE #63-3.  Three weeks later, this Court conducted a settlement conference with the parties, but was unable to settle the case.  See Minute Entry (Oct. 23, 2012), DE #57; Order (Nov. 7, 2012), DE #58.  At the settlement conference, plaintiff's counsel acknowledged that his client used his computer to locate "pay-day loans," but plaintiff could not recall whether he had entered into a pay-day loan with Kenwood or anyone else, and claimed that he had no records or recollection of having used his computer to "click" his assent to an agreement to arbitration with any lender. No suggestion was made by counsel that plaintiff was the victim of identity theft.

Thereafter, defendants renewed their motion to compel arbitration.[2]  In opposition thereto, plaintiff argued for the first time that he may have been the victim of identity theft; in order to reconcile this belief with his contrary deposition testimony, he alleged that his current assumption is "[b]ased upon [] new information" that he acquired beginning "in or about November 2012 . . . ."  Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration and Stay Further Proceedings at 9-10, DE #63-1 at 29-30; Declaration of John M.

---

[2]  Because Judge Ross follows the so-called "bundling rule" and defendants' reply brief is not yet due, the full set of papers on the pending motion to compel arbitration has not been entered into the ECF system.  Therefore, this Court has not seen defendants' brief and accompanying moving papers, but instead relies on the parties' characterization of that motion, as set forth in their letters concerning the pending discovery dispute.

Wade in Support of Plaintiff's Opposition to Defendants' Motion to Compel Arbitration and

Stay Further Proceedings ("Wade Decl.") ¶¶ 20, 23, DE #63-2.  In order to address plaintiff's

new allegation, defendants now request that discovery be reopened for the limited purpose of

obtaining the records for the bank account into which Kenwood wired the loan.  See Def.

Motion at 3.

## DISCUSSION

Defendants' motion to reopen discovery in order to serve a single subpoena is hereby

granted.  Where, as here, a scheduling order has been entered by the Court pursuant to Rule

16(b) of the Federal Rules of Civil Procedure, the court-ordered schedule shall not be modified

except upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4); see also Local Civ. R. 16.2 ("In any case referred to a magistrate judge, the

magistrate judge may issue or modify scheduling orders pursuant to Federal Rule of Civil

Procedure 16(b)."). As the Second Circuit has reiterated, "[a] finding of good cause depends

on the diligence of the moving party." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d

Cir. 2003) (collecting cases); see also Gavenda v. Orleans Cnty., No. 95-CV-0251E (SC),

1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996) ("The requisite good cause is based on

factors such as the diligence *vel non* of the party requesting an extension, bad faith *vel non* of

the party opposing such extension, the phase of the litigation and prior knowledge of and

notice to the parties.").

In determining whether a party has been diligent in seeking the requested discovery,

courts consider what information "the party knew, or should have known," in advance of the

deadline sought to be extended.  See Sokol Holdings, Inc. v. BMD Munai, Inc., No. 05 Civ.

-4-

3749 (KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009).  Here, prior to the

October 5, 2012 close of discovery, defendants specifically asked plaintiff whether he had ever

been a victim of identity theft, to which he responded in the negative.  According to plaintiff,

he became aware of information in or around November 2012, which led him to believe that he

was the victim of identity theft, but, for reasons unexplained, plaintiff did not, at that time,

share this realization with defendants.  See Def. Opp. at 2-3 n.1 ("Mr. Wade came into

possession of this information which gave him pause [regarding identity theft] after his

deposition had concluded.").  Instead, plaintiff waited to reveal his identity theft theory until

he submitted his papers in opposition to defendants' motion to compel arbitration on January

22, 2013.  Within one day of receiving plaintiff's opposition papers, defendants made the

instant motion to reopen discovery for purposes of addressing plaintiff's newly asserted theory.

Thus, defendants were clearly diligent in seeking in the requested discovery once they were put

on notice of plaintiff's change in position.[3]

Plaintiff's alternative proposal — striking any references to identity theft, "without

prejudice" to reasserting them later — would merely delay resolution of the issue, which

plaintiff himself has put into play.  As defendants noted, "it is in all [the] parties' best interest

to ultimately resolve whether or not [plaintiff] owned or owns the bank account into which

---

[3]  Plaintiff contends that defendants were put on notice that plaintiff denied owning the bank
account at issue (i.e., a 2010 Bank of America account) at plaintiff's deposition on October 3,
2012, two days before Phase I discovery closed.  See Pl. Opp. at 3; but see Wade Deposition
Excerpt, DE #62-5 at 2 (plaintiff testifies that he had a Bank of America account "a few years
ago" and estimates that it may have been in 2008 or 2009, but does not address whether he
owned one in 2010).  Plaintiff's position is undermined by the fact that his identity theft theory
is based, according to plaintiff's own sworn testimony, on new information discovered "in or
around November 2012" — after the close of discovery.  See Wade Decl. ¶ 20.

Kenwood wired the loan." Def Motion at 3. Plaintiff has not articulated any prejudice in allowing defendants this limited discovery, and, indeed, any delay in the resolution of the pending motion to compel will be minimal.[4]

## CONCLUSION

For the foregoing reasons, defendants' motion to reopen discovery for the limited purpose of issuing a subpoena to Bank of America is granted; plaintiff's motion to strike the "identity theft" allegation from his opposition papers is denied.

Any objection to this Memorandum & Order must be filed with the Honorable Allyne R. Ross by March 4, 2013 or will be deemed waived. An objection will not stay the issuance of the subpoena, which must be served forthwith.

**SO ORDERED.**

**Dated:      Brooklyn, New York**
**February 14, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Notably, plaintiff previously objected to any limit on discovery, arguing that such a limitation "serve[d] little purpose and, indeed, only fosters the inefficient process that arbitration would seek to avoid." See Response in Opposition to Letter Motion at 2, DE #29.